UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MICHELE LEARY,

                              Plaintiff,

       v.                                               6:03-CV-1313 (LEK/DRH)

SOCIAL SECURITY, Michael J. Astrue,
Commissioner of Social Security,[1]

                              Defendant.

**MEMORANDUM-DECISION AND ORDER**

Before the Court is a Motion for attorney fees, pursuant to Social Security Act ("SSA") § 206(b)(1), 42 U.S.C. § 406(b)(1), filed by Howard D. Olinsky, Esq. ("Olinsky" or "Counsel"), attorney for Plaintiff Michele Leary ("Plaintiff") on September 17, 2008.  Motion (Dkt. No. 14). Defendant has not responded to the Motion.  For the reasons discussed below, the Motion is granted as modified by the Court in the discussion below.

**I.**      **BACKGROUND**

Plaintiff retained Olinsky as counsel in this social security matter on November 1, 2001. Mot. ¶ 3.  Counsel agreed to represent Plaintiff in this matter pursuant to a contingency fee agreement which stipulated that, should Plaintiff lose at the administrative hearing level and Counsel "agrees to appeal and [Plaintiff] win[s] [her] case, the fee will be twenty-five percent (25%)

---

[1] Michael J. Astrue became Commissioner of Social Security on February 12, 2007. Pursuant to Federal Rule of Civil Procedure 25(d), Michael J. Astrue is substituted as the Defendant in this action for Jo Anne B. Barnhart.

of all past due benefits awarded to" Plaintiff.  Fee Agreement (Dkt. No. 14., Ex. A).

Plaintiff, represented by Counsel, filed a Complaint in this Court against the Commissioner on October 24, 2003, appealing the administrative decision denying Plaintiff's claim for social security disability benefits.  Compl. (Dkt. No. 1).  On July 15, 2005, this Court issued an Order and Judgment approving and adopting the Report-Recommendation of the Honorable David R. Homer, United States Magistrate Judge, and remanding the matter to the Commissioner.  Report-Rec. (Dkt. No. 9); Order (Dkt. No. 10); Judgment (Dkt. No. 11).  By Stipulation and Order, Counsel was compensated $4,432.58 for his work before this Court under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  Dkt. No. 13.

Counsel represented Plaintiff at a post-remand hearing on August 1, 2006, after which an Administrative Law Judge rendered a decision finding Plaintiff and her child eligible for Social Security Disability Insurance Benefit payments commencing June 2000.  Mot. ¶ 2.  The Commissioner awarded Plaintiff and her child past due benefits totaling $66,676.00.  Id. ¶ 4.  On September 8, 2006, Counsel requested attorney's fees from the Social Security Administration in the amount of $16,964.45.  Id.  On May 10, 2007, the Social Security Administration approved an award of fees in the amount of $9,225.00.  Dkt. No. 14, Ex. B.  On September 17, 2008, Counsel filed the instant Motion with this Court, requesting approval of an additional payment in the amount of $7,639.45.  Mot. ¶ 7.[2]

---

[2] Counsel asserts that the amount requested in the present Motion ($7,639.45) represents the difference between the $16,964.45 he requested from the Social Security Administration and the amount already awarded, $9,225.00.  Mot. ¶ 7.  However, the Court notes that the difference between these amounts is $7,739.45, not $7,639.45.

## II.  DISCUSSION

Section 206(b) of the SSA permits a court to award "a reasonable fee" for work before the court "not in excess of 25% of the total past due benefits" to which a claimant is entitled by reason of a judgment rendered in favor of the claimant.  42 U.S.C. § 406(b)(1)(A); see Gisbrecht v. Barnhart, 535 U.S. 789, 804-05 (2002).  In Gisbrecht, the Court held that "§ 406(b) does not displace contingent-fee agreements within the statutory ceiling [of 25%]; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements."  535 U.S. at 808-09.  Factors that courts should consider when assessing the reasonableness of a contingency fee under § 406(b) include whether the attorney is responsible for unreasonable delay, see Gisbrecht, 535 U.S. at 808 (citation omitted), "whether there has been fraud or overreaching in making the agreement, and whether the requested amount is so large as to be a windfall to the attorney."  Wells v. Sullivan, 907 F.2d 367, 372 (2d Cir. 1990) (citations omitted).  While contingency fee agreements in social security cases "cannot simply be adopted as *per se* reasonable," courts should normally "give the same deference to these agreements as [they] would to any contract embodying the intent of the parties."  Wells, 907 F.2d at 371 (citations omitted).

Counsel asserts that the past due benefits awarded to Plaintiff and her child totaled $66,676.00, and that he has already received a fee award in the amount of $9,225.00.  Mot. ¶ 4.  Section 206(b) of the SSA limits the amount of an attorney fee to a maximum of 25% of the past due benefits awarded.  42 U.S.C. § 406(b)(1)(A).  Counsel requests an additional award of $7,639.45, which in conjunction with the sum of $9,225.00 previously awarded to him, would represent a total fee of $16,864.45.  However, 25% of the $66,676.00 in past due benefits is only $16,669.00.  Therefore, Counsel seeks an award that is greater than the amount allowed by statute,

3

and provides no explanation for the discrepancy. Given the contingency fee agreement and the statutory maximum, Counsel would be entitled to an additional award of at most $7,444.00, representing the difference between 25% of the past due benefits awarded to Plaintiff ($16,669.00) and the amount of fees already awarded ($9,225.00).

Based upon the record before the Court, the Court sees no evidence of undue delay in Counsel's handling of the case or overreaching in the fee agreement. Further, in light of Counsel's credentials and his success in this case, the Court finds that $16,669.00, the amount representing 25% of the past due benefits, is not so large as to amount to a windfall. Accordingly, Plaintiff's Motion is granted to the extent that Counsel is entitled to an additional $7,444.00 in fees.

As previously noted, Counsel has already received $4,432.58 for work before the Court pursuant to the EAJA. However, dual fee applications under both the SSA and EAJA "are not improper as long as the lesser of any two amounts awarded goes to the attorney's client." Wells v. Bowen, 855 F.2d 37, 42 (2d Cir. 1988). Thus, Counsel's previous receipt of the $4,432.58 fee, pursuant to the EAJA, does not preclude an award of fees pursuant to the contingency fee agreement. However, the Court orders Counsel, upon receipt of the attorney fees requested in the present Motion, to refund $4,432.58 to Plaintiff, as the lesser of the two fees Counsel received in this case.

### III. CONCLUSION

Accordingly, it is hereby

**ORDERED**, that the Motion for attorney's fees (Dkt. No. 14) filed by Howard D. Olinsky, Esq., attorney for the Plaintiff, as modified by the discussion above, is **GRANTED;** an award of

fees in the amount of $7,444.00 is to be made payable to Howard D. Olinsky, Esq.; upon receipt of this award, Olinsky is to refund to the Plaintiff the amount of $4,432.58; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:    June 17, 2009
          Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge